IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDRICK THURMAN RANDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2532-E-BN |
| | § | |
| MARIAN BROWN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**STANDING ORDER ON FEDERAL RULE OF CIVIL
PROCEDURE 12(B)(6) MOTION TO DISMISS**

This Standing Order governs the filing in this case of any Federal Rule of Civil

Procedure 12(b)(6) motion to dismiss for failure to state a claim.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend

its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if

the pleading is one to which a responsive pleading is required, 21 days after service

of a responsive pleading or 21 days after service of a motion under [Federal Rule of

Civil Procedure] 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Federal

Rule of Civil Procedure 15(a)(2) then provides that, "[i]n all other cases, a party may

amend its pleading only with the opposing party's written consent or the court's

leave." FED. R. CIV. P. 15(a)(2).

With Rule 15(a)'s provisions in mind, and to manage this case efficiently and

minimize the cost of litigation, the Court will provide parties an opportunity to amend

a pleading once before considering a Rule 12(b)(6) motion to dismiss. To accomplish

this, the Court requires that any party who proposes to file a Rule 12(b)(6) motion to dismiss must comply with the following procedure:

- An attorney or pro se party who anticipates filing a Rule 12(b)(6) motion to dismiss must first confer by telephone or videoconference (such as over Zoom) or meet face-to-face with either the attorney representing the party whose pleading is challenged or, if that party is not represented by counsel, the pro se party and discuss the proposed deficiencies in the challenged pleading and the expected basis of the motion to dismiss. As part of this conference, the party who proposes to move to dismiss must also send to the non-moving party or counsel (including by email) a written letter that advises the non-moving party of the right to amend the pleading under these procedures and the corresponding deadlines involved in amending as set out below.

- After this conference, if the non-moving party intends to amend the pleading, the non-moving party must file an Advisory of that intent with the Court within seven (7) days of receipt of the written letter described above (and a copy of that letter must be attached to the Advisory when filed), and the amended pleading must be filed within seven (7) days of the filing date of the Advisory. This amended pleading will exhaust the non-moving party's one opportunity under Rule 15(a)(2) to amend "as a matter of course" (that is, without the opposing party's written consent or the Court's leave). *See Morris v. ARTA Travel*, No. 3:23-cv-2036-D, 2023 WL 8285022, at *1-*2 (N.D. Tex.

Nov. 30, 2023).

- If an amended pleading is not filed by this deadline, the party who proposed to move to dismiss may file a Rule 12(b)(6) motion to dismiss. And, if an amended pleading is filed by the deadline but the party who proposed to move to dismiss believes that the amended pleading filed as part of this process is still deficient, that party may file a Rule 12(b)(6) motion to dismiss the amended pleading within the time required by Federal Rule of Civil Procedure 15(a)(3) – after which the Court will enter a briefing order and, if the non-moving party wishes to again amend the challenged amended pleading, the non-moving party must comply with the requirements and standards set by the Court's scheduling order entered in this case and, as applicable, Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4).

- When a party files any Rule 12(b)(6) motion to dismiss, a Certificate of Conference must accompany the motion and expressly state that the movant complied with this Standing Order by informing the non-moving party of the basis of any anticipated motion and discussing the proposed deficiencies in the challenged pleading and by sending the written letter described above and must state the dates on which the conference took place and the written letter was sent and must state that the non-movant did not timely file an amended pleading or that the filed amended pleading is still deficient.

If the Court denies a Rule 12(b)(6) motion to dismiss and the case goes forward,

the moving party must comply with the requirement to file an answer within the time required by Federal Rule of Civil Procedure 12(a)(4), and any additional amendments to the challenged pleading by the non-moving party will be governed by the Court's scheduling order entered in this case and, as applicable, Rules 15(a)(2) and 16(b)(4). *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-26 (5th Cir. 2003). And any request for leave to amend should address the fact that this procedure laid out above has already provided the non-moving notice of the proposed deficiencies in the challenged pleading and the opportunity to amend prior to the filing of the Rule 12(b)(6) motion to dismiss. *See generally Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

SO ORDERED.

DATED: January 3, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE